JS 44 (Rev. 10/20)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS

Nicole Patoki

**(b)** County of Residence of First Listed Plaintiff: Northampton
*(EXCEPT IN U.S. PLAINTIFF CASES)*

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
Mansour Law, LLC
961 Marcon Blvd., Ste. 425
Allentown, PA 18109 Tel: (610) 321-3538

## DEFENDANTS

Solid Waste Services, Inc. d/b/a J.P Mascaro & Sons

County of Residence of First Listed Defendant: ____________
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- [ ] 1 U.S. Government Plaintiff
- [X] 3 Federal Question *(U.S. Government Not a Party)*
- [ ] 2 U.S. Government Defendant
- [ ] 4 Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)*
*(For Diversity Cases Only)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

Click here for: Nature of Suit Code Descriptions.

**CONTRACT**
- [ ] 110 Insurance
- [ ] 120 Marine
- [ ] 130 Miller Act
- [ ] 140 Negotiable Instrument
- [ ] 150 Recovery of Overpayment & Enforcement of Judgment
- [ ] 151 Medicare Act
- [ ] 152 Recovery of Defaulted Student Loans (Excludes Veterans)
- [ ] 153 Recovery of Overpayment of Veteran's Benefits
- [ ] 160 Stockholders' Suits
- [ ] 190 Other Contract
- [ ] 195 Contract Product Liability
- [ ] 196 Franchise

**REAL PROPERTY**
- [ ] 210 Land Condemnation
- [ ] 220 Foreclosure
- [ ] 230 Rent Lease & Ejectment
- [ ] 240 Torts to Land
- [ ] 245 Tort Product Liability
- [ ] 290 All Other Real Property

**TORTS**

PERSONAL INJURY
- [ ] 310 Airplane
- [ ] 315 Airplane Product Liability
- [ ] 320 Assault, Libel & Slander
- [ ] 330 Federal Employers' Liability
- [ ] 340 Marine
- [ ] 345 Marine Product Liability
- [ ] 350 Motor Vehicle
- [ ] 355 Motor Vehicle Product Liability
- [ ] 360 Other Personal Injury
- [ ] 362 Personal Injury - Medical Malpractice

PERSONAL INJURY
- [ ] 365 Personal Injury - Product Liability
- [ ] 367 Health Care/ Pharmaceutical Personal Injury Product Liability
- [ ] 368 Asbestos Personal Injury Product Liability

PERSONAL PROPERTY
- [ ] 370 Other Fraud
- [ ] 371 Truth in Lending
- [ ] 380 Other Personal Property Damage
- [ ] 385 Property Damage Product Liability

**CIVIL RIGHTS**
- [ ] 440 Other Civil Rights
- [ ] 441 Voting
- [ ] 442 Employment
- [ ] 443 Housing/ Accommodations
- [X] 445 Amer. w/Disabilities - Employment
- [ ] 446 Amer. w/Disabilities - Other
- [ ] 448 Education

**PRISONER PETITIONS**

Habeas Corpus:
- [ ] 463 Alien Detainee
- [ ] 510 Motions to Vacate Sentence
- [ ] 530 General
- [ ] 535 Death Penalty

Other:
- [ ] 540 Mandamus & Other
- [ ] 550 Civil Rights
- [ ] 555 Prison Condition
- [ ] 560 Civil Detainee - Conditions of Confinement

**FORFEITURE/PENALTY**
- [ ] 625 Drug Related Seizure of Property 21 USC 881
- [ ] 690 Other

**LABOR**
- [ ] 710 Fair Labor Standards Act
- [ ] 720 Labor/Management Relations
- [ ] 740 Railway Labor Act
- [ ] 751 Family and Medical Leave Act
- [ ] 790 Other Labor Litigation
- [ ] 791 Employee Retirement Income Security Act

**IMMIGRATION**
- [ ] 462 Naturalization Application
- [ ] 465 Other Immigration Actions

**BANKRUPTCY**
- [ ] 422 Appeal 28 USC 158
- [ ] 423 Withdrawal 28 USC 157

**PROPERTY RIGHTS**
- [ ] 820 Copyrights
- [ ] 830 Patent
- [ ] 835 Patent - Abbreviated New Drug Application
- [ ] 840 Trademark
- [ ] 880 Defend Trade Secrets Act of 2016

**SOCIAL SECURITY**
- [ ] 861 HIA (1395ff)
- [ ] 862 Black Lung (923)
- [ ] 863 DIWC/DIWW (405(g))
- [ ] 864 SSID Title XVI
- [ ] 865 RSI (405(g))

**FEDERAL TAX SUITS**
- [ ] 870 Taxes (U.S. Plaintiff or Defendant)
- [ ] 871 IRS—Third Party 26 USC 7609

**OTHER STATUTES**
- [ ] 375 False Claims Act
- [ ] 376 Qui Tam (31 USC 3729(a))
- [ ] 400 State Reapportionment
- [ ] 410 Antitrust
- [ ] 430 Banks and Banking
- [ ] 450 Commerce
- [ ] 460 Deportation
- [ ] 470 Racketeer Influenced and Corrupt Organizations
- [ ] 480 Consumer Credit (15 USC 1681 or 1692)
- [ ] 485 Telephone Consumer Protection Act
- [ ] 490 Cable/Sat TV
- [ ] 850 Securities/Commodities/ Exchange
- [ ] 890 Other Statutory Actions
- [ ] 891 Agricultural Acts
- [ ] 893 Environmental Matters
- [ ] 895 Freedom of Information Act
- [ ] 896 Arbitration
- [ ] 899 Administrative Procedure Act/Review or Appeal of Agency Decision
- [ ] 950 Constitutionality of State Statutes

## V. ORIGIN *(Place an "X" in One Box Only)*

- [X] 1 Original Proceeding
- [ ] 2 Removed from State Court
- [ ] 3 Remanded from Appellate Court
- [ ] 4 Reinstated or Reopened
- [ ] 5 Transferred from Another District *(specify)*
- [ ] 6 Multidistrict Litigation - Transfer
- [ ] 8 Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing ***(Do not cite jurisdictional statutes unless diversity)***:
42 U.S.C. 12101

Brief description of cause:
ADA discrimination & retaliation

## VII. REQUESTED IN COMPLAINT:

- [ ] CHECK IF THIS IS A **CLASS ACTION** UNDER RULE 23, F.R.Cv.P.

**DEMAND $**

CHECK YES only if demanded in complaint:
**JURY DEMAND:** [X] Yes [ ] No

## VIII. RELATED CASE(S) IF ANY

*(See instructions):* JUDGE ____________ DOCKET NUMBER ____________

DATE: 10/20/2026

SIGNATURE OF ATTORNEY OF RECORD: William P. Mansour

**FOR OFFICE USE ONLY**

RECEIPT # ________ AMOUNT ________ APPLYING IFP ________ JUDGE ________ MAG. JUDGE ________

**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

**DESIGNATION FORM**

Place of Accident, Incident, or Transaction: Easton, Northampton County, PA

***RELATED CASE IF ANY:*** Case Number:______________________ Judge:________________________________

1. Does this case involve property included in an earlier numbered suit? Yes ☐
2. Does this case involve a transaction or occurrence which was the subject of an earlier numbered suit? Yes ☐
3. Does this case involve the validity or infringement of a patent which was the subject of an earlier numbered suit? Yes ☐
4. Is this case a second or successive habeas corpus petition, social security appeal, or pro se case filed by the same individual? Yes ☐
5. Is this case related to an earlier numbered suit even though none of the above categories apply? If yes, attach an explanation. Yes ☐

I certify that, to the best of my knowledge and belief, the within case ☐ **is** / ☒ **is not** related to any pending or previously terminated action in this court.

**Civil Litigation Categories**

*A.* ***Federal Question Cases:***

- ☐ 1. Indemnity Contract, Marine Contract, and All Other Contracts)
- ☐ 2. FELA
- ☐ 3. Jones Act-Personal Injury
- ☐ 4. Antitrust
- ☐ 5. Wage and Hour Class Action/Collective Action
- ☐ 6. Patent
- ☐ 7. Copyright/Trademark
- ☐ 8. Employment
- ☐ 9. Labor-Management Relations
- ☒ 10. Civil Rights
- ☐ 11. Habeas Corpus
- ☐ 12. Securities Cases
- ☐ 13. Social Security Review Cases
- ☐ 14. Qui Tam Cases
- ☐ 15. Cases Seeking Systemic Relief ***see certification below***
- ☐ 16. All Other Federal Question Cases. *(Please specify)*:______________________________

**B.** ***Diversity Jurisdiction Cases:***

- ☐ 1. Insurance Contract and Other Contracts
- ☐ 2. Airplane Personal Injury
- ☐ 3. Assault, Defamation
- ☐ 4. Marine Personal Injury
- ☐ 5. Motor Vehicle Personal Injury
- ☐ 6. Other Personal Injury (*Please specify*):________________
- ☐ 7. Products Liability
- ☐ 8. All Other Diversity Cases: *(Please specify)*______________ ______________________

I certify that, to the best of my knowledge and belief, that the remedy sought in this case ☐ **does** / ☒ **does not** have implications beyond the parties before the court and ☐ **does** / ☒ **does not** seek to bar or mandate statewide or nationwide enforcement of a state or federal law including a rule, regulation, policy, or order of the executive branch or a state or federal agency, whether by declaratory judgment and/or any form of injunctive relief.

**ARBITRATION CERTIFICATION (CHECK ONLY ONE BOX BELOW)**

I certify that, to the best of my knowledge and belief:

[X] Pursuant to Local Civil Rule 53.2(3), this case is not eligible for arbitration either because (1) it seeks relief other than money damages; (2) the money damages sought are in excess of $150,000 exclusive of interest and costs; (3) it is a social security case, includes a prisoner as a party, or alleges a violation of a right secured by the U.S. Constitution, or (4) jurisdiction is based in whole or in part on 28 U.S.C. § 1343.

[ ] None of the restrictions in Local Civil Rule 53.2 apply and this case is eligible for arbitration.

NOTE: A trial de novo will be by jury only if there has been compliance with F.R.C.P. 38.

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

**CASE MANAGEMENT TRACK DESIGNATION FORM**

| | | |
|---|---|---|
| Nicole Patoki<br><br>v.<br><br>Solid Waste Services, Inc. d/b/a J.P. Mascaro & Sons | : : : : : : | CIVIL ACTION<br><br><br><br>NO. |

In accordance with the Civil Justice Expense and Delay Reduction Plan of this court, counsel for plaintiff shall complete a Case Management Track Designation Form in all civil cases at the time of filing the complaint and serve a copy on all defendants. (See § 1:03 of the plan set forth on the reverse side of this form.) In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a Case Management Track Designation Form specifying the track to which that defendant believes the case should be assigned.

**SELECT ONE OF THE FOLLOWING CASE MANAGEMENT TRACKS:**

(a) Habeas Corpus – Cases brought under 28 U.S.C. § 2241 through § 2255. ( )

(b) Social Security – Cases requesting review of a decision of the Secretary of Health and Human Services denying plaintiff Social Security Benefits. ( )

(c) Arbitration – Cases required to be designated for arbitration under Local Civil Rule 53.2. ( )

(d) Asbestos – Cases involving claims for personal injury or property damage from exposure to asbestos. ( )

(e) Special Management – Cases that do not fall into tracks (a) through (d) that are commonly referred to as complex and that need special or intense management by the court. (See reverse side of this form for a detailed explanation of special management cases.) ( )

(f) Standard Management – Cases that do not fall into any one of the other tracks. (x)

| | | |
|---|---|---|
| 10/20/2026 | William P. Mansour | Plaintiff |
| **Date** | **Attorney-at-law** | **Attorney for** |
| (610) 321-3538 | (610) 798-1345 | wpm@themansourfirm.com |
| **Telephone** | **FAX Number** | **E-Mail Address** |

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| NICOLE PATOKI,<br><br>Plaintiff,<br><br>v.<br><br>SOLID WASTE SERVICES, INC. d/b/a J.P. MASCARO & SONS,<br><br>Defendant. | ) | No. ____________________<br><br>CIVIL ACTION – LAW |

**COMPLAINT**

NOW COMES, Plaintiff Nicole Patoki ("Plaintiff"), by and through her undersigned counsel, who brings this action against Defendant Solid Waste Services, Inc. d/b/a J.P. Mascaro & Sons ("Defendant""), and in support thereof, alleges the following:

**INTRODUCTION**

1. This is an employment-discrimination action arising from Defendant's refusal to return Plaintiff to her sales position after she was diagnosed and hospitalized with Superior Vena Cava Syndrome caused by a blood clot, despite repeated medical clearances and Plaintiff's ability to perform the essential functions of her position with reasonable accommodation.

2. Defendant imposed shifting medical-clearance requirements, demanded that Plaintiff be "100%" recovered and unrestricted, rejected modest limitations unrelated to the essential functions of her sales role, failed to engage in a good-faith interactive process, removed her system access, demanded the return of company property, terminated her benefits, and ultimately treated her employment as ended.

3. Plaintiff seeks relief under the Americans with Disabilities Act of 1990, as amended ("ADA"), 42 U.S.C. §§ 12101 et seq.

**JURISDICTION AND VENUE**

4. This Court has subject-matter jurisdiction over Plaintiff's ADA claims under 28 U.S.C. §§ 1331 and 1343 and 42 U.S.C. § 12117(a).

5. Venue is proper in this District under 28 U.S.C. § 1391(a)-(b) because Defendant regularly does business in this District and a substantial part of the events or omissions giving rise to these claims occurred in this District.

6. Plaintiff worked for Defendant out of its Allentown, PA division and within th.

**PARTIES**

7. Plaintiff is an adult individual residing in Easton, Northampton County, Pennsylvania.

8. Defendant is a Pennsylvania corporation with a principal business address at 2650 Audubon Road, Audubon, Pennsylvania 19403.

9. At all relevant times, Defendant employed at least fifteen employees and was an "employer" within the meaning of the ADA, 42 U.S.C. § 12111(5).

10. At all relevant times, Defendant acted through its officers, managers, human-resources personnel, and agents, including HR & Benefits Specialist Kai Mascaro and HR Director Jamie Lewandowski, each acting within the course and scope of employment and on Defendant's behalf.

**ADMINISTRATIVE EXHAUSTION**

11. On January 13, 2026, Plaintiff timely filed a Charge of Discrimination with the Equal Employment Opportunity Commission ("EEOC") and requested dual filing with the

Pennsylvania Human Relations Commission ("PHRC"). The Charge alleged disability discrimination, failure to accommodate, retaliation, and constructive discharge based on the same events alleged here.

12. The EEOC assigned Charge No. 530-2026-03801.

13. The EEOC issued Plaintiff a Determination and Notice of Rights on July 22, 2026, which Plaintiff received on that same date. A true and correct copy is attached as **Exhibit A**.

14. Plaintiff has commenced this action within ninety days after receiving the Notice of Rights and has satisfied all conditions precedent to suit under the ADA.

## FACTUAL ALLEGATIONS

15. Plaintiff began working for Defendant as a Sales Territory Manager on or about March 7, 2025.

16. Plaintiff's position was primarily sales-related and administrative. Its essential functions did not require sustained strenuous exertion or lifting more than five pounds, or those functions could have been performed with reasonable accommodation.

17. Plaintiff was qualified for the position based on her education, experience, skills, and successful performance for Defendant.

18. In late July 2025, Plaintiff was hospitalized and diagnosed with Superior Vena Cava Syndrome caused by a blood clot.

19. That condition substantially limited one or more major life activities and major bodily functions, including lifting and circulatory function. Defendant also regarded Plaintiff as substantially impaired and unable to work safely.

20. Plaintiff promptly notified Defendant's management of her diagnosis and need for medical leave.

21. From the outset, Plaintiff made clear that she intended to return to work as soon as medically cleared.

22. Beginning on or about August 8, 2025, Plaintiff provided Defendant with multiple medical clearance notes from her treating physicians.

23. Defendant rejected Plaintiff's initial clearance because it did not expressly state that she could return "without restrictions."

24. Plaintiff obtained and submitted updated medical documentation in an effort to satisfy Defendant's stated requirement.

25. When Plaintiff disclosed routine follow-up care and minor symptoms, Defendant changed its position and again refused to permit her to return.

26. Defendant told Plaintiff that she could not return until she was "100%" recovered and fully cleared without restrictions.

27. Plaintiff submitted ADA paperwork reflecting modest temporary restrictions, including lifting no more than five pounds and avoiding strenuous activity.

28. Those restrictions did not prevent Plaintiff from performing the essential functions of her sales position, with or without reasonable accommodation.

29. Reasonable accommodations were available, including temporarily excusing or reallocating marginal lifting or strenuous tasks, permitting administrative and sales work within Plaintiff's restrictions, and allowing time for routine follow-up appointments.

30. The requested accommodations would not have imposed an undue hardship on Defendant.

31. Instead of discussing available accommodations, Defendant categorically refused to reinstate Plaintiff because she was not cleared without restrictions.

32. Defendant did not identify the essential functions it believed Plaintiff could not perform, request targeted clarification, assess possible accommodations, or otherwise participate in a meaningful, good-faith interactive process.

33. Plaintiff continued providing updates from vascular, hematology, and interventional-radiology specialists.

34. At one point, Plaintiff's vascular specialist cleared her to work without restrictions, but Defendant still refused to reinstate her.

35. Defendant asserted safety and Department of Transportation concerns even though it acknowledged that Plaintiff's position was not a DOT-covered position.

36. While Plaintiff remained on medical leave and repeatedly sought to return, Defendant publicly posted her position.

37. Defendant directed Plaintiff to return company equipment and her company vehicle.

38. Defendant removed Plaintiff's access to company systems, preventing her from retrieving documentation needed to respond to accusations that she had not submitted required sales reports.

39. Defendant withheld commissions Plaintiff had already earned before and during her leave and applied them toward alleged medical-insurance premium balances without Plaintiff's authorization.

40. Defendant terminated Plaintiff's employment benefits while continuing to refuse her return to work.

41. After months of Defendant refusing reinstatement and making continued employment untenable, Plaintiff resigned her employment on October 30, 2025. Defendant accepted Plaintiff's resignation the next day.

42. Plaintiff did not voluntarily choose to end otherwise available employment. Defendant's repeated refusal to permit her to work, loss of compensation and benefits, removal of access, demand for company property, and posting of her position left a reasonable person with no meaningful alternative but to resign or accept that Defendant had ended the employment relationship.

43. Defendant treated Plaintiff less favorably because of her actual disability, record of disability, and/or perceived disability, and because she requested accommodation and opposed disability discrimination.

44. As a direct and proximate result of Defendant's conduct, Plaintiff has suffered lost wages, commissions, benefits, emotional distress, inconvenience, humiliation, and other pecuniary and nonpecuniary losses.

## COUNT I
## ADA - DISABILITY DISCRIMINATION

45. Plaintiff incorporates by reference the preceding paragraphs as though fully set forth herein.

46. Plaintiff was disabled within the meaning of 42 U.S.C. § 12102 because she had an actual impairment substantially limiting one or more major life activities or bodily functions, had a record of such an impairment, and/or was regarded by Defendant as having such an impairment.

47. Plaintiff was a qualified individual because she could perform the essential functions of her Sales Territory Manager position with or without reasonable accommodation.

48. Defendant subjected Plaintiff to adverse employment actions because of her disability, including refusing reinstatement, imposing an inflexible unrestricted-clearance requirement, withholding compensation, removing access and property, and terminating her benefits.

49. Defendant’s requirement that Plaintiff be “100%” healed and free of all restrictions was not an individualized assessment of her ability to perform essential job functions and unlawfully screened her out because of her disability.

50. Defendant’s conduct violated the ADA, including 42 U.S.C. § 12112(a) and (b).

51. Defendant acted intentionally and with malice or reckless indifference to Plaintiff's federally protected rights.

**COUNT II**
**ADA - FAILURE TO ACCOMMODATE**

52. Plaintiff incorporates by reference the preceding paragraphs as though fully set forth herein.

53. Defendant knew of Plaintiff’s disability and her desire and need to return to work with modest temporary restrictions.

54. Plaintiff requested reasonable accommodation by submitting medical documentation and ADA paperwork and by repeatedly asking to resume work within her physicians' restrictions.

55. The proposed accommodations were reasonable and would have enabled Plaintiff to perform the essential functions of her position without undue hardship.

56. Defendant failed to engage in a timely, meaningful, and good-faith interactive process and refused reasonable accommodation.

57. Defendant thereby violated 42 U.S.C. § 12112(b)(5)(A).

58. Defendant acted intentionally and with malice or reckless indifference to Plaintiff's federally protected rights.

**COUNT III**
**ADA – RETALIATION**

59. Plaintiff incorporates by reference the preceding paragraphs as though fully set forth herein.

60. Plaintiff engaged in protected activity by requesting reasonable accommodations, submitting ADA paperwork, seeking an interactive process, and objecting to Defendant's refusal to return her to work.

61. Defendant knew of Plaintiff's protected activity.

62. Defendant thereafter refused reinstatement, changed its clearance requirements, posted Plaintiff's job, demanded she return company property, removed her system access, withheld her compensation, and terminated her benefits.

63. The timing, shifting explanations, refusal to consider accommodation, and escalating adverse actions support a causal connection between Plaintiff's protected activity and Defendant's conduct.

64. As a result of Defendant's refusal to accommodate her disability or reinstate her, Plaintiff had no reasonable choice but to resign her employment on October 30, 2025. The next day, Defendant accepted her resignation.

**PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff respectfully requests that the Court enter judgment in her favor and against Defendant and award:

A. A declaration that Defendant violated the ADA;

B. All back pay, lost commissions, lost benefits, and other economic damages, with prejudgment interest;

C. Front pay and/or reinstatement, as appropriate;

D. Compensatory damages in an amount to be determined by a jury;

E. Punitive damages in an amount to be determined by a jury;

F. Equitable and injunctive relief necessary to prevent further unlawful conduct;

G. Reasonable attorneys' fees and costs; and

H. Such other relief as the Court deems just and proper.

## JURY DEMAND

**PLEASE TAKE NOTICE** that Plaintiff Nicole Patoki hereby demands a trial by jury on all claims and issues so triable.

*Respectfully Submitted,*

**MANSOUR LAW, LLC**

Dated: October 20, 2026

BY: */s/ William P. Mansour*

William P. Mansour, Esquire
Pa. Attorney ID No. 318833
961 Marcon Blvd., Suite 425
Allentown, PA 18109
Tel: (610) 321-3538
Fax: (610) 798-1345
Email: wpm@themansourfirm.com

Attorney for Plaintiff Nicole Patoki